HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. J. A. ANGLIN, SR., ET AL.

Decided January 16, 1907.

**1.—Negligence—Contributory Negligence—Railway—Public Street.**

Evidence considered and held to support a finding of injury by negligence on the part of defendant without negligence by plaintiff, in case of collision of engine with wagon upon track along a public street.

**2.—Charge—Requested Instruction.**

Refusal of requested instructions was proper where the same subject is covered by the charge given; or where the charge asked ignores a ground of recovery which should be submitted.

**3.—Charge—Crossing—Railway Along Street.**

In case of one injured upon a railway track running along a public street but not at its intersection with another, the reference to the point of injury as the "crossing," in the charge, would be understood as the point where plaintiff crossed defendant's track, and was not misleading.

**4.—Contributory Negligence—Burden of Proof.**

The burden of proof of plaintiff's contributory negligence is on defendant.

**5.—Charge—Cause.**

The use of the words "by reason of" instead of the form "as the direct or proximate result of" in a charge, was not liable to misunderstanding on the subject of causal connection between negligence and injury.

Appeal from the District Court of Travis County.   Tried below before Hon. George Calhoun.

A recovery by plaintiff upon a former trial, after affirmance on appeal (86 S. W. Rep., 735), was reversed by the Supreme Court (99 Texas, 349).

Anglin, Jr., was injured by collision of an engine with a covered laundry wagon which he was driving on a public street in Austin.   The railway track at that point runs east and west along Third Street. Anglin, driving north on Trinity Street, came into Third Street, where he could see the track to the east for several hundred feet, and after looking east and west and seeing nothing approaching, as he testified, turned west and drove a short distance along Third Street, and then turned obliquely across the railway track to cross to the north side of the street, when he was struck by the tender of an engine backing down from the east.   He did not look back to the east after turning down Third Street.   There was conflict in the evidence as to the rate of

speed at which the engine was running; as to whether warnings of its approach by bell or whistle were given; whether the approaching engine could have been seen by Anglin from the point where he reached Third Street; and whether the engine could have been stopped in time after he turned to cross the track.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for appellant.—The uncontroverted facts show that J. H. Anglin, Jr., if in the exercise of any care whatever for his own safety, would not have collided with defendant's engine at the time and place shown. International & G. N. R. R. Co. v. Ploeger, 16 Texas Ct. Rep., 183; International & G. N. Ry. Co. v. Edwards, 15 Texas Ct. Rep., 681; Gulf, C. & S. F. Ry. v. Matthews, 15 Texas Ct. Rep., 958; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 117, 119; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152, 162; Gahagan v. Boston & M. Ry. Co., 50 Atl., 146, s. c., 23 A. & E. R. R. Cas. (n. s.), 141; Lewis v. International & G. N. R. R. Co., 63 S. W. Rep., 1091; Martin v. St. Louis S. W. Ry. Co., 63 S. W. Rep., 1089; St. Louis S. W. Ry. Co. v. Branon, 73 S. W. Rep., 1064; International & G. N. R. R. Co. v. Graves, 59 Texas, 330; Texas & P. Ry. Co. v. Fuller, 24 S. W. Rep., 1090; Gulf, C. S. F. Ry. Co. v. Abendroth, 55 S. W. Rep., 1122; Gulf, C. & S. F. Ry. Co. v. Wilson, 59 S. W. Rep., 590; Green v. Los Angeles Term. Ry. Co., 76 Pac. Rep., s. c., 41 Am. & Eng. R. Cas., 192; Herbert v. Southern Pac. Co., 121 Cal., 230, 53 Pac., 651; Chicago, R. I. Pac. Ry. Co. v. Houston, 95 U. S., 698, 703; Woolf v. Washington & Nav. Co., 39 Am. & Eng. R. Cas., 846, 79 Pac. Rep., 997; Green v. Missouri Pac. Ry. Co., 90 S. W. Rep., 805; Dunworth v. Grand Trunk Western Ry. Co., 127 Fed. Rep., 307; Southern Ry. Co. v. Carroll, 138 Fed. Rep., 639, s. c., 39 Am. & Eng. R. Cas. 488; Grand Trunk Ry. Co. v. Ives, 144 U. S., 417; Birmingham Ry. Light & Power Co. v. Oldham, 37 So. Rep., 452; Vizacchero v. Rhode Island Co., 59 Atl., Rep., 105, s. c., 37 Am. & Eng. R. Cas., 172; Northern Pacific Ry. Co. v. Freeman, 174 U. S., 384; Goldman v. Milwaukee Electric Ry. Co., 101 N. W. Rep., 384, s. c., 37 Am. & Eng. R. Cas., 583; Giardina v. St. Louis & M. Ry. Co., 84 S. W. Rep., 928; Brammer, Adm'r., v. Norfolk & W. Ry. Co., 51 S. E. Rep., 211, s. c., 41 Am. & Eng. R. Cas., 497; Itzokowitz v. Boston Elevated Ry. Co., 35 Am. & Eng. R. Cas., 583; Chicago & N. W. Ry. Co. v. Andrews, 130 Fed. Rep., 65, s. c., 35 Am. & Eng. R. Cas., 585, 596; Frank v. Pennsylvania Ry. Co., 55 Atl. Rep., 691, s. c., 32 Am. & Eng. R. Cas., 376; Dwajakowski v. Central R. Co. of N. J., 55 Atl. Rep., 100; McLeod v. Chicago N. W. Ry. Co., 37 Am. & Eng. R. Cas., 715.

The evidence failed to show that defendant was guilty of negligence which directly and proximately caused the alleged injuries to J. A. Anglin, Jr., in any of the particulars alleged by plaintiff. Same authorities.

The court in its charge expressly limited the jury's consideration of Anglin's conduct to the question whether he exercised ordinary care for his own protection at the crossing, and thus failed to require the jury to consider his conduct west of the crossing to the place of collision. Green v. Los Angeles Term. Ry. Co., 41 Am. & Eng. R. Cas.,

N. S., 192; Bailey v. Market St. C. Ry., 110 Cal., 329; Lee v. Market St. Car Co., 135 Cal., 295; Green v. Southern Pac. Ry. Co., 70 Pac. Rep., 926; Central Ry. Co. of Georgia v. Forshee, 27 So. Rep., 1010; Winter v. New York R. R. Co., 66 N. J. Law, 77.

*Allen & Hart,* for appellees.—The court properly refused appellant's requested peremptory instruction because the evidence showed that appellee's injuries were the direct and proximate result of the negligence of appellant. Lee v. International & G. N. Ry., 89 Texas, 588; Choate v. San Antonio & A. P. Ry., 90 Texas, 88; Wallace v. Southern, etc., Oil Co., 91 Texas, 22; Chatham v. Jones, 69 Texas, 746; Gulf, C. & S. F. Ry. v. Gasscamp, 69 Texas, 547; Garza v. Texas Mex. Ry. Co., 41 S. W. Rep., 532; Houston City St. Ry. v. Medlenka, 43 S. W. Rep., 1029; Lindsay v. Murphy, 48 S. W. Rep., 532.

EIDSON, ASSOCIATE JUSTICE.—These are suits by J. A. Anglin, Jr., suing by J. A. Anglin, Sr., as next friend, and J. A. Anglin, Sr., against appellant for damages on account of personal injuries alleged to have been sustained by J. A. Anglin, Jr., through the negligence of appellant. Upon a jury trial there was a verdict and judgment in favor of the plaintiff J. A. Anglin, Jr., for $2,000, and for the plaintiff J. A. Anglin, Sr., for $200.

In our opinion there is sufficient testimony as shown by the record to support the finding of the jury that J. A. Anglin, Jr., was not guilty of contributory negligence in any of the respects alleged by appellant in its answer; and we are also of the opinion that the testimony is sufficient to justify the finding of the jury that appellant was guilty of all or some of the acts of negligence charged in appellees' petition against it, and that same directly and proximately caused the injuries to J. A. Anglin, Jr., alleged in appellees' petition. We therefore overrule appellant's first, second and third assignments of errors

We do not think the action of the court below in refusing to give appellant's special charge number 9, of which complaint is made in its fourth assignment, was error. The jury were fully instructed upon the question to which this special charge relates in paragraph 8 of the general charge of the court, in connection with special charge number 4 requested by appellant, and which was given to the jury by the court. The word "crossing," used by the court in paragraph 8 of its general charge was intended to apply to the point where J. A. Anglin, Jr., attempted to cross the railroad track, and was evidently so understood by the jury.

The court properly refused special charge number 6 asked by appellant, as the issue of discovered peril was not submitted to the jury.

The court in its main charge properly directed the jury as to the subject matter of appellant's 7th, 10th, 12th and 2nd special charges; hence there was no error in their refusal.

There was no error in the refusal of the court below to give appellant's special charge number 3, as it ignored the theory, upon which there was some evidence, that appellant failed to ring the bell in approaching the crossing of Trinity and Third Streets; and that if it had rung the bell at that time such ringing would have warned appel-

lee, J. A. Anglin, Jr., who was in a closed wagon in advance of appellant's locomotive and could not see it, of its approach, so that he might have avoided the accident.

Appellant's special charge number 5 did not embody a correct principle of law, in that it placed the burden upon appellees of proving that J. A. Anglin, Jr., was not guilty of contributory negligence in attempting to cross appellant's track on a public street, which is not the law; and the court in its general charge properly instructed the jury as to the degree of care that J. A. Anglin, Jr., was required to exercise in approaching and going upon appellant's railroad track.

The use of the words "by reason of," instead of "as the direct and proximate result of," by the court below in paragraph 5 of its charge, was not misleading to the jury, as the words first quoted were the equivalent of those last quoted; and, perhaps, would have been more easily understood by the average jury. Anyway, other portions of the court's charge, which must be considered in its entirety, properly explained to the jury that they were not authorized to find in favor of the plaintiffs, unless they found from the evidence that the injuries sustained by J. A. Anglin, Jr., were the direct and proximate results of appellant's negligence.

The sixth and eighth paragraphs of the court's charge are not subject to the criticisms of appellant embraced in its fourteenth and fifteenth assignments of error. The reference to public street crossing in the sixth paragraph was proper in instructing the jury as to appellant's statutory duty in reference to blowing its steam whistle; and the word "crossing," used in the eighth paragraph, was intended to apply to the point where J. A. Anglin, Jr., attempted to cross appellant's railroad track; which, according to the uncontroverted evidence, was on Third street a few feet west of its intersection with Trinity, which the jury evidently understood.

In view of the testimony relating to that question, we do not think the verdict of the jury is excessive in any respect, but is amply supported by the evidence.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.